1 | Jeffrey G. Sheldon (State Bar. No. 67516)
William J. Brutocao (State Bar No. 75959)
2 | A. Eric Bjorgum (State Bar No. 198392)
**SHELDON MAK ROSE & ANDERSON PC**
3 | 100 Corson Street, Third Floor
Pasadena, California 91103-3842
4 | Telephone :   (626) 796-4000
Fax Number: (626) 795-6321
5 | Email:  jgsheldon@usip.com

6 | Attorneys for Plaintiffs
**YEO HIAP SENG LIMITED and**
7 | **YHS TRADING (USA) INC.**

8 | Marc E. Hankin (SBN: 170505)
Imran F. Vakil (SBN: 248859)
9 | **HANKIN PATENT LAW, APC**
6404 Wilshire Blvd, Suite 1020
10 | Los Angeles, CA 90048-5512
Telephone: (323) 944-0206
11 | Facsimile: (323) 944-0209
Marc@Hankinpatentlaw.com

12 | Attorneys for Defendants,
**ACE MARKETING USA INC.**
13 | **SUN FAT TRADING CORP., AND**
**BILLY KWEE HENG SEAH**

14

15 | **UNITED STATES DISTRICT COURT**

16 | **CENTRAL DISTRICT OF CALIFORNIA**

17

18 | YEO HIAP SENG LIMITED, a
Singapore Limited Liability Company;
and YHS TRADING (USA) INC., a
19 | California Corporation,

20 |                    Plaintiffs,

21 |          V.

22 | ACE CANNING CORPORATION SDN
BDD, a Malaysia company; ACE
23 | MARKETING USA LLC, a California
limited liability corporation; SUN FAT
24 | TRADING CORP., a California
corporation; and BILLY KWEE HENG
25 | SEAH, an individual,

26 |                    Defendants.

Case No.  CV 07-04031 RGK (PJWx)

[PROPOSED]

**PROTECTIVE ORDER**
**REGARDING THE HANDLING**
**OF CONFIDENTIAL**
**DOCUMENTS; AND JOINT**
**STIPULATION THEREON**

1       Pursuant to Rule 26 of the Federal Rules of Civil Procedure and it appearing

2    that certain documents, information and tangible objects which may be produced in

3    discovery in this proceeding may contain trade secrets, proprietary information, or

4    other confidential research, development, or commercial information, the public

5    disclosure of which would cause injury;

6       NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY

7    AND BETWEEN THE PARTIES TO THIS ACTION, THROUGH THEIR

8    RESPECTIVE COUNSEL, SUBJECT TO APPROVAL OF THE COURT, THAT:

9       1.    This Protective Order governs the treatment of documents,[1] tangible

10   items, transcripts of and exhibits to depositions, interrogatory answers, responses to

11   requests for admissions, information learned pursuant to a Request for Inspection, and

12   any written, recorded, or graphic material, including all copies, excerpts, abstracts, or

13   summaries thereof (collectively, "Discovery Material"), produced, filed with the

14   Court, served, or obtained by any party or non-party in this action (collectively,

15   "Person(s)").

16      2.    Any Person shall have the right, before disclosure to other parties, to

17   designate as "CONFIDENTIAL" any Discovery Material it produces or provides that

18   constitutes, reflects or discloses its trade secrets, as the term "trade secret" is defined

19   in Cal. Civ. Code § 3426.1[2] or other confidential research, development, or

20   commercial information within the scope of Fed. R. Civ. P. 26(c)(7).   Discovery

21   materials designated herein as "CONFIDENTIAL" shall be referred to herein as

22   "Confidential Discovery Material."

23

---

24   [1]   The term "document" as used herein shall include any "writings, drawings,
graphs, charts, photographs, phonorecords, and other data compilations from which

25   information can be obtained." See Federal Rules of Civil Procedure 34(a).

26   [2]   Cal. Civ. Code § 3426.1 provides that trade secret "means information,
including a formula, pattern, compilation, program, device, method, technique, or

27   process, that: (1) Derives independent economic value, actual or potential, from not
being generally known to the public or to other persons who can obtain economic

28   value from its disclosure or use; and (2) Is the subject of efforts that are reasonable
under the circumstances to maintain its secrecy.

1    3.    Subject to the limitations below, any person shall also have the right,
2    before disclosure to other parties, to designate as "ATTORNEYS EYES ONLY" any
3    Discovery Material that the Person believes in good faith is so commercially sensitive
4    or confidential that disclosure to any employee involved in competitive decision
5    making for any of the parties, even for the purposes described below in Paragraph 4,
6    will not provide adequate protection to the interests of the Person producing the
7    Discovery Material ("Producing Person").   Examples of the kind of information
8    which may fall within this category include, but are not limited to, cost and price
9    information, internal forecasts, and strategic or business plans or projections.

10    4.    All   ATTORNEYS   EYES   ONLY   Discovery   Material   and
11    CONFIDENTIAL Discovery Material and all information derived from such
12    Material, shall be referred to in this Protective Order as "Designated Material" and
13    shall be handled in strict accordance with the terms of this Protective Order.
14    Specifically, absent an order by this Court, such Designated Material shall not be used
15    by the parties to this action for any business, patent prosecution, competitive, or
16    governmental purpose or function, and such Designated Material shall not be
17    disclosed to anyone except as provided in this Protective Order. Designated Material
18    may be disclosed only under the circumstances and to the persons specifically
19    provided for in this Protective Order or any subsequent Court Order, or with the
20    explicit written consent of the designating Person with respect to specifically
21    identified Designated Material.

22    5.    CONFIDENTIAL Discovery Material may be disclosed, shown, made
23    available, or communicated only to the following persons:

24         a. outside litigation attorneys for the parties to this litigation,
25    including persons working solely in secretarial, clerical, and paralegal capacities,
26    and who are providing assistance to the outside litigation attorneys in this action;

27         b. persons taking properly noticed deposition testimony involving
28    CONFIDENTIAL Discovery Material, and necessary stenographic, videographic,

1   and their clerical personnel;

2        c. Qualified Experts and their staffs who are employed for the

3   purposes of this litigation, provided that the provisions of Paragraph 12 of this

4   Protective Order are complied with prior to any disclosure of any

5   CONFIDENTIAL Discovery Material to the Qualified Expert or their staff;

6        d. the Federal Courts and their officers and employees in connection

7   with this action;

8        e. third-party vendors specifically retained to assist outside litigation

9   attorneys in copying, imaging, and/or coding of documents but for that purpose

10  only, provided that all such CONFIDENTIAL Discovery Material is kept and

11  maintained in a manner that protects the documents from unauthorized disclosure;

12       f. translators or interpreters who are engaged by outside litigation

13  attorneys for the purpose of translating or interpreting documents, testimony, or

14  verbal communications as reasonably necessary;

15       g. witnesses deposed in this action or who are called as witnesses at

16  any hearing in this action, but only as set forth in Paragraph 16 of this Protective

17  Order; and

18       h. the parties to this action, but only to the extent necessary to

19  participate in, assist in and monitor the progress of this action and for no other

20  purpose.

21      6.   **ATTORNEYS EYES ONLY** Discovery Material may be disclosed,

22  shown, made available, or communicated only to the following persons:

23       a.   Outside litigation attorneys for the parties to this litigation,

24  including persons working solely in secretarial, clerical, and paralegal capacities, and

25  who are providing assistance to the outside litigation attorneys in this action;

26       b.   Persons taking properly noticed deposition testimony involving

27  ATTORNEYS EYES ONLY Discovery Material, and necessary stenographic,

28  videographic, and their clerical personnel;

1          c.      Qualified Experts and their staffs who are employed for the

2    purposes of this litigation, provided that the provisions of Paragraphs 15 and 16 of

3    this Protective Order are complied with prior to any disclosure of any Outside

4    Counsel Discovery Material to the Qualified Expert or their staff;

5          d.      the Federal Courts and their officers and employees in connection

6    with this action;

7          e.      third-party vendors specifically retained to assist outside litigation

8    attorneys in copying, imaging, and/or coding of documents but for that purpose only,

9    provided that all such Outside Counsel Discovery Material is kept and maintained in a

10   manner that protects the documents from unauthorized disclosure;

11         f.      translators or interpreters who are engaged by outside litigation

12   attorneys for the purpose of translating or interpreting documents, testimony, or

13   verbal communications as reasonably necessary; and

14         g.      witnesses deposed in this action or who are called as witnesses at

15   any hearing in this action, but only as set forth in Paragraph 16 of this Protective

16   Order.

17      7.   Designated Material shall be so designated by marking or stamping such

18   material "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" as applicable, at the

19   time the material is disclosed, or as soon thereafter as the Person seeking the

20   protection becomes aware of the nature of the material disclosed and sought to be

21   protected, subject to the other provisions of this Protective Order.

22      8.   Where Discovery Material is produced for inspection before being

23   designated and sent to the receiving party, the producing party shall have the right to

24   have persons present at the inspection location at all times during the receiving party's

25   inspection of such Discovery Material.  If the producing party has person(s) present at

26   the inspection location during inspection by the receiving party, another location

27   nearby shall be set aside for the receiving party's counsel to confer.

28

1    9.    A designating Person who inadvertently fails to mark Designated

2  Material as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" at the time of the

3  production shall have ten (10) days from discovery of the oversight to correct its

4  failure.   Such correction and notice shall be made in writing, accompanied by

5  substitute   copies   of   each   Discovery   Material   appropriately   marked   as

6  "CONFIDENTIAL" Within ten (10) days of receipt of the substitute copies, the

7  receiving party shall return or destroy the previously unmarked materials and all

8  copies thereof.

9    10.    Documents that contain privileged information or attorney work product

10  shall be immediately returned if the documents appear on their face to have been

11  inadvertently produced or if there is notice of the inadvertent production.  All copies

12  of inadvertently produced privileged documents shall be returned or destroyed by the

13  receiving party.

14    11.    All Designated Material shall be kept in secure facilities, and access to

15  those facilities shall be permitted only to those persons set forth in this Protective

16  Order.

17    12.    Any deposition testimony may be classified as CONFIDENTIAL

18  Discovery Material or ATTORNEYS EYES ONLY Discovery Material by indicating

19  on the record at the deposition, or within ten (10) days after receipt of the transcript of

20  such deposition, that the examination or testimony discloses Designated Material

21  under the terms of this Protective Order.   The portions of the original deposition

22  transcript, exhibits, and all copies of exhibits to the deposition that contain material so

23  designated shall be separately bound and prominently marked on the cover and, if and

24  when filed with the Court, the confidential portions of such transcripts shall be filed

25  pursuant to Paragraph 21 of this Protective Order.   The classification as

26  CONFIDENTIAL Discovery Material or ATTORNEYS EYES ONLY Discovery

27  Material of any deposition testimony or exhibits shall be made within ten (10) days of

28  the completion of the deposition, in writing to the reporter, with copies to all other

counsel, identifying the portion(s) of the transcript and/or exhibits that contain confidential information and directing the reporter to mark such portion(s) of the transcript and/or exhibits accordingly. All deposition transcripts and exhibits to such transcripts shall be treated as "CONFIDENTIAL" for five (5) business days from delivery to allow for designations per this Paragraph.

13. A party or its representatives may in good faith excuse from the deposition room any person not authorized pursuant to Paragraph 4 of this Protective Order to receive Designated Material where the party or its representatives reasonably anticipate Designated Material will be disclosed or discussed during the deposition. Failure to make such a good faith request shall not be deemed a waiver by any party to designate any portion of the deposition transcript or exhibits as Confidential Discovery Material.

14. Witnesses deposed in this action or who are called as witnesses at any hearing in this action may be shown Designated Material by an attorney only under the following circumstances:

a. any witness may be shown Designated Material in which the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy;

b. a current officer, director, or employee of a designating Person may be shown that Person's Designated Material

c. a third-party witness upon his or her compliance with Paragraph 16;

d. any witness selected by a designating Person to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown that Person's Designated Material;

e. a former officer, director, or employee of a designating Person may be shown that Person's Designated Material if it appears from the face of the Designated Material that the witness previously had access to the Designated Material

1  while employed by the designating Person, provided that counsel making such

2  disclosure shall inform the witness that the matter is confidential and may not be

3  disclosed or used except as provided in this Protective Order.

4       15.   An outside (i.e., non-employee) expert witness or consultant of a party

5  may become a Qualified Expert if:

6          a.   The expert witness or consultant is given a copy of this Protective

7  Order, and the provisions of this Protective Order are explained to the expert witness

8  or consultant by an attorney of record; and

9          b.   The expert witness or consultant executes the "Agreement to

10  Protect Confidential Information" in the form annexed to this Protective Order as

11  Exhibit A, and outside litigation counsel retains the original of each Qualified

12  Expert's Agreement.

13       16.   Prior to disclosing any Designated Material to the persons described in

14  Paragraph 5(g), 6(g) or 14(c) of this Protective Order, an attorney of record for the

15  disclosing party shall give a copy of this Protective Order to such persons and shall

16  explain the provisions of this Protective Order and the persons described in Paragraph

17  5(g) or 6(g) shall execute the "Agreement to Protect Confidential Information" in the

18  form annexed to this Protective Order as Exhibit A and a copy of that executed form

19  shall be provided to the non-designating parties, and outside litigation counsel retain

20  the original of each such Agreement.

21       17.   This Protective Order shall not preclude any party from using an

22  employee, officer, or director as an expert witness or consultant.  Such an "employee

23  expert" may not necessarily be a Qualified Expert.  This Protective Order shall not

24  preclude any "employee expert" from also being a Qualified Expert.

25       18.   Before any disclosure of Designated Materials of another party is made

26  to mock jurors, focus group members and the like selected by trial consultants, jury

27  consultants or by counsel in preparation for trial ("Exercise"), any such person shall

28  execute a confidentiality agreement in the form attached as Exhibit B and such

1    statement shall be kept by counsel for the party conducting the Exercise.   No
2    Designated Material of another party shall be left in the possession of any such
3    person, nor shall such persons be permitted to retain any notes or other materials used
4    or provided to them during any research session.

5          19.   When any third party produces documents or testimony pursuant to a
6    request from a party in this matter:

7            a.   Such third parties may designate their testimony or documents as
8    "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" pursuant to this Protective
9    Order;

10           b.   Any party receiving such documents or testimony from a third
11   party may designate any such documents or testimony as "CONFIDENTIAL" or
12   "ATTORNEYS EYES ONLY" pursuant to this Protective Order, provided that the
13   designating party has a direct interest in placing such documents or testimony under
14   the confidentiality provisions of this Protective Order as defined in Paragraphs 2 or 3,
15   herein.

16         20.   During the course of this action, a party may be requested to produce to
17   another party Discovery Material that is subject to contractual or other obligations of
18   confidentiality owed to the non-party by the party receiving the request.   The party
19   subject to such contractual or other obligation of confidentiality shall timely contact
20   the non-party to determine whether such non-party is willing to permit disclosure of
21   the confidential document or information under the terms of this Protective Order.   If
22   the non-party is willing to permit the disclosure of the requested document or
23   information to the requesting party, the documents shall be produced in accordance
24   with this Protective Order.   If the non-party is not willing to permit disclosure of the
25   requested document or information under the terms of this Protective Order, the
26   demanding party in the litigation shall be notified and any documents withheld on the
27   basis of such contractual or other confidentiality obligation shall be identified on a
28   separate index stating the reason for withholding the document or information and the

PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS;
AND JOINT STIPULATION THEREON

1  person to whom the obligation of confidentiality is owed.  This Protective Order shall
2  not preclude any party from moving the Court for an order compelling production of
3  such material.

4      21.   Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS
5  EYES ONLY" where filed with the Court as part of any pleading, motion, or as
6  evidence, shall be filed pursuant to Local Rule 79-5.1.

7      22.   If Designated Material is disclosed to any person other than in the
8  manner authorized by this Protective Order, the party responsible for the disclosure
9  must immediately bring all pertinent facts relating to such unauthorized disclosure to
10  the attention of all interested parties, and without prejudice to other rights and
11  remedies of the designating party, shall make every effort to prevent further
12  disclosure by it or by the person who was the recipient of such information.

13      23.   If a party inadvertently discloses any document or thing containing
14  information that it deems confidential without designating it as "CONFIDENTIAL"
15  or "ATTORNEYS EYES ONLY" information, the disclosing party shall promptly
16  upon discovery of such inadvertent disclosure inform the receiving party in writing
17  and the receiving party shall thereafter treat the information as "CONFIDENTIAL" or
18  "ATTORNEYS EYES ONLY" as applicable, under this Protective Order.  To the
19  extent such information may have been disclosed to persons other than authorized
20  persons described in Paragraph 4, the receiving party shall make every reasonable
21  effort to retrieve the information promptly from such persons and to avoid any further
22  disclosure to such non-authorized persons.

23      24.   If at any time during the pendency or trial of this action, counsel for any
24  party claims that Designated Material is not appropriately designated as
25  "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" the objecting party may in
26  writing, with copies to all parties and affected entities, request the designation be
27  withdrawn.  The written requests shall identify with particularity the Designated
28  Material as to which the designation is challenged and state the basis for each

9

1   challenge. If the designating Person does not de-designate the materials within ten

2   (10) business days after receipt of the written request, the objecting entity may file

3   and serve a motion seeking an order that such materials be de-designated, in which

4   case the designating Person shall have the burden of proving that the original

5   designation was appropriate. The original designation shall remain effective until

6   three (3) business days after entry of an order de-designating the materials. The

7   failure of any party to challenge any designation by any other party shall not

8   constitute a waiver of the right to challenge the designation at a later time nor an

9   admission of the correctness of the designation.

10      25.    Whenever a party intends to offer Designated Material into evidence or

11  otherwise communicate such material to the Court, such party shall take all steps

12  reasonably available to preserve the confidentiality of such Designated Material,

13  which may include offering such Designated Materials outside the presence of

14  persons other than Court personnel, trial counsel, and the jury.

15      26.    Unless the parties stipulate otherwise, evidence of the existence or

16  nonexistence of a designation under this Protective Order shall not be admissible for

17  any purpose, nor shall the designation or acceptance of any information designated

18  pursuant to this Protective Order constitute an admission or acknowledgment that the

19  material so designated is in fact proprietary, confidential, or a trade secret.

20      27.    Notwithstanding any other provision of this Protective Order to the

21  contrary, the confidentiality obligations of this Protective Order shall not apply or

22  shall cease to apply to any information that:

23          a.    at the time of disclosure under this Protective Order, was already

24  in the public domain by publication or otherwise;

25          b.    since the time of disclosure under this Protective Order, has

26  become, through no act or failure on the part of the receiving party or agent thereof,

27  part of the public domain by publication or otherwise;

28          c.    at the time of disclosure under this Protective Order, was already

1   in the possession of the receiving party and was not acquired directly or indirectly

2   from the designating Person or from any third party under obligation of confidence to

3   the designating Person;

4          d.    after disclosure under this Protective Order, was acquired by the

5   receiving party from a third party lawfully possessing the same and having no

6   obligation to the designating Person hereunder; or,

7          e.    the designating Person agrees may be disclosed to a third party

8   under no obligation of confidentiality.

9   The party claiming that he or she is relieved of the obligations of this Protective Order

10  by operation of any of Paragraphs 27 (a)-(e) shall have the burden of proving that any

11  of the provisions of Paragraphs 27 (a)-(e) apply.

12        28.    Upon the termination of this proceeding, this Protective Order shall

13  continue to be binding upon the parties, and upon all Persons to whom Designated

14  Material has been disclosed or communicated, and this Court shall retain jurisdiction

15  to enforce this Protective Order.

16        29.    Subject to final order of the Court upon completion of all matters relating

17  to this case, within sixty (60) days after entry of any final and unappealable judgment

18  in this litigation, any and all Discovery Material and all copies thereof shall be

19  returned to the producing Person or, at the option of the producing Person, destroyed,

20  provided however, counsel for each party shall be permitted to retain and archive

21  Discovery Material that is contained in files ordinarily maintained in the course of

22  litigation. If Discovery Material is destroyed pursuant to this paragraph, the party

23  destroying such Discovery Material shall certify in writing to the producing Person

24  that such destruction has taken place.

25        30.    Nothing in this Protective Order shall limit or restrict the manner in

26  which any party may handle its own Designated Material.

27        31.    This order is being entered without prejudice to the right of any party to

28  move the Court for modification of or relief from any of its terms.

1         32.    Nothing in this Protective Order shall bar outside litigation counsel with

2    access to Designated Material or the person with access to Designated Material

3    pursuant to paragraph 4 above from rendering advice to his, her, or their client with

4    respect to this litigation and, in the course thereof, discussing and relying upon any

5    Designated Material, provided counsel does not disclose Designated Material in a

6    manner not specifically authorized under this Protective Order. By way of example,

7    outside litigation counsel may generally discuss with his or her client the subject

8    matter of a restricted document but shall not show the document or a copy of the

9    document to any person who is not entitled to see such document pursuant to this

10   Protective Order.

11        33.    Nothing in this Protective Order shall bar a producing party from

12   agreeing with a receiving party to permit employees, in-house attorneys, officers, or

13   directors of the receiving party to have access to some or all of the producing party's

14   Designated Material without modification of this Protective Order or waiver of its

15   provisions.

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS;
AND JOINT STIPULATION THEREON

1    34.    Each person, by executing a copy of Exhibit A or Exhibit B of this

2  Protective Order, undertakes to abide by, and be bound by, its provisions, and to use

3  due care to see that its provisions are known and adhered to by those under his or her

4  supervision or control.    It is understood that outside litigation counsel and such

5  counsel's associates and staff are bound by this Order without the necessity of signing

6  or exchanging Exhibit A or Exhibit B.

7

8

9  DATED:  July 11, 2008                     **SHELDON MAK ROSE & ANDERSON PC**

10                                             /A. Eric Bjorgum/

11                                     By:    _____

12                                           A. Eric Bjorgum
                                             Attorneys for Plaintiffs,
13                                           **YEO HIAP SENG LIMITED and**
                                             **YHS TRADING (USA) INC.**
14

15  DATED:  July 11, 2008                     **HANKIN PATENT LAW, APC**

16                                             /Marc E. Hankin/

17                                     By:    _____

18                                           Marc A. Hankin
                                             Attorneys for Defendants,
19                                           **ACE MARKETING USA INC.**
20                                           **SUN FAT TRADING CORP., and**
                                             **BILLY KWEE HENG SEAH**
21

22

23

24

25

26

27

28

PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS;
AND JOINT STIPULATION THEREON

1

# ORDER

2        **FOR GOOD CAUSE SHOWN**, this Protective Order, requested by the Parties

3   is hereby entered.

4

5        **IT IS SO ORDERED**.

6

7   Dated: 7/16/08

8                                    The Honorable         PATRICK J. WALSH

9                                    United States ~~District Court~~ Judge
                                              Magistrate

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "A"**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| YEO HIAP SENG LIMITED, a Singapore Limited Liability Company; and YHS TRADING (USA) INC., a California Corporation, | Case No.  CV 07-04031 RGK (PJWx) |
| Plaintiffs, | **AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION** |
| V. | |
| ACE CANNING CORPORATION SDN BDD, a Malaysia company; ACE MARKETING USA LLC, a California limited liability corporation; SUN FAT TRADING CORP., a California corporation; and BILLY KWEE HENG SEAH, an individual, | |
| Defendants. | |

My name is _____.

My home address is _____.

I am employed as (state position) _____ at (state

name and address of employer) _____

_____.

    1.  I have read the Protective Order and a copy of it has been given to me.  I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

    2.  I further agree to submit to the jurisdiction of this Court for adjudication of any dispute regarding my compliance with the terms of this Protective Order.

1   I declare under penalty of perjury under the law of the United States of America that

2   the foregoing is true and correct.

3       Executed this _____ day of _____, _____, at _____

4   _____, _____.

5

6                        _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL DOCUMENTS;
AND JOINT STIPULATION THEREON

1

## EXHIBIT "B"

2

3           AGREEMENT TO PROTECT
          CONFIDENTIAL INFORMATION

4

5       1.    This Agreement is between _____(Name)_____ and

6   _____(Name)_____, residing at _____

7   _____.

8       2.    I understand that I will receive information that is confidential and is not

9   to be disclosed to anyone (including my family members) outside the research group I

10  am participating in today.

11      3.    I agree not to disclose any information that I learn today or to use such

12  information outside the research group I am participating in today.

13

14                              Signed: _____
                                Date: _____
15

16

17

18

19

20

21

22

23

24

25

26

27

28